IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DOUGLAS,                                                          CV 05-104-MA

               Petitioner,                            OPINION AND ORDER

    v.

SHARON BLACKETTER,

             Respondent.

     MARK BENNETT WEINTRAUB
     Assistant Federal Public Defender
     151 W. 7th Avenue, Suite 510
     Eugene, OR  97401

         Attorney for Petitioner

     HARDY MEYERS
     Attorney General
     DOUGLAS Y.S. PARK
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, OR  97301-4096

         Attorneys for Respondent

MARSH, Judge:

    Petitioner, an inmate in the Oregon State Penitentiary,

brings this habeas corpus proceeding pursuant to 28 U.S.C.

§ 2254.  For the reasons that follow, petitioner's amended habeas

corpus petition (#31) is DENIED, and this proceeding is

DISMISSED.

1 - OPINION AND ORDER

## BACKGROUND

On December 17, 1998, petitioner was indicted on two counts of Sodomy in the First Degree, three counts of Sodomy in the Second Degree, one count of Sodomy in the Third Degree, one count of Sexual Abuse in the First Degree, one count of Sexual Abuse in the Third Degree, one count of Attempted Sexual Abuse in the Second Degree, and one count of Furnishing Alcohol to a Minor. Resp. Ex. 102; State v. Douglas, Jackson County Circuit Court Case No. 98-6118-FE.  On March 30, 1999, a grand jury returned a second indictment against petitioner, charging him with two additional counts of Sodomy in the Third Degree.  Resp. Ex. 103; State v. Douglas, Jackson County Circuit Court Case No. 99-1545-FE.  These indictments were based on petitioner's repeated sexual molestation of three young boys between November 2, 1989 and April 21, 1992.  Resp. Ex. 116.

On August 3, 1999, petitioner was convicted by guilty plea of two counts of Sodomy in the First Degree, and by no contest plea for one count of Sodomy in the Second Degree, and two counts of Sodomy in the Third Degree.  Resp. Exs. 104.  In exchange for his pleas the state agreed to dismiss the remaining charges and to not pursue additional charges.

During the plea colloquy petitioner confirmed on the record that counsel had reviewed the plea petition with him, that he did

not have questions regarding the plea, and that the plea was voluntarily made. Resp. Ex. 105 at 3-4. The court then accepted petitioner's pleas, finding them to be knowing, intelligent and voluntary. Id. at 4. However, following the plea hearing, petitioner informed his counsel, Gary Berlant (Berlant), that he wished to withdraw his pleas. Resp. Ex. 115. Accordingly, Berlant moved to withdraw as counsel, and Robert Abel (Abel) was appointed to represent petitioner. Resp. Exs. 114-115. After consulting three times with Abel, who thoroughly reviewed petitioner's case, petitioner ultimately decided not to withdraw his guilty pleas, and to proceed to sentencing. Resp. Ex. 106.

The court imposed 65 months imprisonment on one of the counts of Sodomy in the First Degree, 100 months imprisonment on the other, 20 months imprisonment on the Sodomy in the Second-Degree count, and 30 months imprisonment on the Sodomy in the Third-degree count. Resp. Ex. 106. Each sentence was imposed consecutive to the others, adding up to 215 months imprisonment. Resp. Ex. 106.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion (State v. Douglas, 39 P.3d 292 (2001)) and petitioner did not seek review by the Oregon Supreme Court. Resp. Exs. 107-109.

Petitioner filed a formal petition for post-conviction relief (PCR) in Umatilla County Circuit Court Case No. CV02-1369, but the court denied relief.  Resp. Exs. 110, 118.  Petitioner appealed to the Oregon Court of Appeals, which granted the state's motion for summary affirmance (Resp. Ex. 119-121). Finally, the Oregon Supreme Court denied the petition for review on April 20, 2004.  Resp. Exs. 122-23.

In his amended petition for federal habeas corpus relief, petitioner alleges the following grounds for relief:

(A)  Petitioner's right to the effective assistance of counsel under the Sixth and Fourteenth Amendments was violated when his trial attorney failed to investigate thoroughly by failing to obtain and review recorded statements made by the alleged victims and failing to interview them.  If not for the ineffective assistance of counsel, Petitioner would not have waived his right to a jury trial.

(B)  Petitioner's right to the effective assistance of counsel under the Sixth and Fourteenth Amendments was violated when his trial attorneys failed to advise him properly with respect to the rights and the consequences of waiving his right to jury trial.  If he had been advised properly, Petitioner would not have waived that right.

(C)  Petitioner's right to the effective assistance of counsel under the Sixth and Fourteenth Amendments was violated when his trial attorneys coerced him into waiving his right to jury trial, rendering his pleas of guilty and no contest involuntary.  If he had not been so coerced, Petitioner would not have waived that right.

Doc. #32.

Respondent avers that the state-court decisions denying petitioner relief on similar claims are neither "contrary to," nor "unreasonable applications of" clearly established law as determined by the United States Supreme Court, so habeas corpus relief should be denied.

## DISCUSSION

Under 28 U.S.C. § 2254(d), federal habeas corpus relief may not be granted on a claim that was adjudicated on the merits in state court, unless the adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A state court decision is not considered "contrary to" established U.S. Supreme Court precedent unless it "applies a rule that contradicts the governing law" in Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 403-04 (2000). A state court decision is an "unreasonable application of clearly established federal law" if it is "objectively unreasonable." Id. at 409;

<u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003).  I will first review the state court's factual determinations.

**A.    State Court's Determination of the Facts**

A determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1). Federal courts "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."  <u>Taylor v. Maddox</u>, 366 F.3d 992, 999 (9th Cir. 2004).  The burden is on the habeas petitioner to rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

When applying these standards, this court reviews the "last reasoned decision by a state court."  <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state court did not supply a reasoned written or oral decision, this court performs an independent review of the record.  <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000).

In the case at bar, the PCR trial court did not supply a reasoned written decision; the judgment denying relief simply states,

> Petitioner has failed to sustain his burden of proof by a
> preponderance of the evidence.  Defendant's total memorandum
> is persuasive and supports judgment for defendant.

6 - OPINION AND ORDER

Resp. Ex. 118.  The PCR trial transcript, however, reveals the

PCR trial court's reasoning.  It states, in relevant part:

> ...Mr. Douglas, in order to prevail on a constitutional
> claim of inadequate assistance of trial counsel...under the
> Oregon Constitution...the burden of proof is on you, the
> Petitioner, to prove by a preponderance of the
> evidence...the *facts* that demonstrate that your trial
> counsel failed to exercise reasonable professional skill and
> judgment and that the counsel's failure had a tendency to
> affect the result of the criminal trial.  That is that you
> suffered prejudice as a result.  In this case you entered a
> plea of guilty.  Um, the affidavits of counsel...state that
> you did so after being fully advised that...they did make
> the appropriate investigation and ....I believe that- that
> there's simply no evidence other than the fact that uh
> you're unhappy with you present situation...that your trial
> counsel were not constitutionally adequate...and that they
> did not render...unreasonable professional judgment and
> skill.
>
> *** 
>
> Mr. Douglas, the Court finds that you have failed to sustain
> your burden of proof by a preponderance of the evidence.
> You have failed to demonstrate inadequate assistance of
> trial counsel or any constitutional errors by the trial
> court.

Resp. Ex. 117 at 17-21 (emphasis added).

According to petitioner, this court cannot defer to the PCR

court's ruling, and should instead review the findings *de novo*,

because that court "applied the wrong standard for analyzing

ineffective assistance of counsel claims," by requiring

petitioner "to prove his allegations of ineffective assistance of

counsel under a 'preponderance of the evidence' standard."  Doc.

#32 at 7-8.

Although the PCR trial court's wording on the judgment form
was imprecise, the trial transcript clarifies that the PCR trial
court required petitioner to prove the underlying *facts*
supporting his claim by a preponderance of the evidence,
consistent with Or. Rev. Stat. § 138.620(2)(2005).  See also
Holland v. Jackson, 542 U.S. 649, 654 (2004)(in post-conviction
proceedings petitioner has the burden of proving his allegations
by a preponderance of the evidence); Alcala v. Woodford, 334 F.3d
862, 869 (9th Cir. 2003)(a habeas petitioner "must prove all
facts underlying his claims of ineffective assistance by a
preponderance of the evidence").  In applying the facts to the
law, however, the court correctly identified the clearly
established test under Strickland v. Washington[1], stating that
petitioner had not shown that counsel failed to exercise
professional judgment, or that petitioner suffered prejudice as a
result of counsel's advice.

Petitioner has not rebutted, by clear and convincing
evidence, the presumption of correctness afforded the PCR trial
court's factual findings.  28 U.S.C. § 2254(e)(1).  He contends

---

[1]Under Strickland v. Washington, 466 U.S. 668, 694 (1987), a
petitioner claiming ineffective assistance of trial counsel must
show (1) that counsel's representation fell below an objective
standard of reasonableness, and (2) that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different.

that trial counsel "failed to obtain, review, or provide
Petitioner with copies of [recorded witness statements]."  Doc.
32 at 13.  Yet, both attorney's who represented petitioner at the
trial level stated that interviews and investigative reports were
obtained.  Petitioner's first attorney, Berlant, stated in a
sworn affidavit that there "were no interviews that provided a
defense for petitioner," so petitioner decided to plead guilty
because he "wanted to avoid the embarrassment he thought a trial
would bring."  Resp. Ex. 115.  Further, petitioner's second
attorney, Abel, stated in a sworn affidavit that he went over
petitioner's file with him, which contained "numerous
investigative reports," and they "discussed all of the witnesses
previously contacted and information contained in the police
reports."  Resp. Ex. 114.  Petitioner did not provide Abel "with
any names of additional witnesses that he believed would be
favorable to his case."  Id.  According to Abel, based on the
investigative reports, which showed that "several young boys
[were] molested over a period of years," and petitioner's
admissions to police officers[2], he advised petitioner that his
"chances of success in a jury trial were poor."  Id.

_____

    [2] According to the Pre-sentence Investigation Report
prepared in this case, petitioner admitted to police officers
that some of the victims' allegations were true.  Resp. Ex. 116.

Petitioner suggests that further investigation into the "times locations, and anything they thought they had against [him]," could have revealed that he was at work during the times he is alleged to have been molesting his victims, and that he was being "blackmailed for money." Yet, there isn't any evidence in the record to support this assertion. To the contrary, the plea petition indicates that petitioner fully informed counsel of the facts and circumstances surrounding the allegations in the indictment, and that petitioner agreed trial counsel did everything they could. Resp. Ex. 104.

Finally, petitioner contends that trial counsel failed to inform him of the consequences of waiving his right to a jury trial, and that his guilty plea was coerced. He argues that although he signed the plea petition, stating that he understood the consequences of his plea (Resp. Ex. 104), "the in-court colloquy that resulted in his conviction was minimal." See Resp. Ex. 105. Petitioner also argues that the letter he wrote after entering his guilty and no-contest pleas, stating that his pleas were coerced, evinces coercion.

I have reviewed the transcript of petitioner's plea hearing, and though I concur that the colloquy was minimal, this is not clear and convincing evidence that the state court's determination, that petitioner's trial counsel sufficiently informed him of the consequences of his pleas, was unreasonable.

As petitioner has not rebutted with clear and convincing evidence the presumption of correctness afforded the PCR trial court's factual findings, to be entitled to habeas corpus relief petitioner must show the PCR trial court decision was an unreasonable application of Strickland.  28 U.S.C. § 2254(d)(1).

**B.    State Court's Application of Stickland**

When a habeas petitioner challenges a guilty plea based on ineffective assistance of counsel, as here, the "deficient performance prong" of Strickland requires a petitioner to show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 58-9 (1985)(citing McMann v. Richardson, 397 U.S. 759, 771 (1970)).  To satisfy the "prejudice prong," petitioner must show a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.  Hill, 474 U.S. at 59.

Petitioner has not made any showing that the PCR trial court's application of this test to the facts of his case was objectively unreasonable.  He recites an American Bar Association ethics rule, stating that a criminal defense lawyer "has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable."  Indeed, based on trial counsels' sworn affidavits, substantiated by evidence in the record, both Berlant and Abel advised petitioner to plead guilty

11 - OPINION AND ORDER

and/or no-contest to the charges against him because the chances
of acquittal were low, and because of the uncertainty of further
charges based on pending investigations of other potential
victims.  See Resp. Exs. 114, 115.

Rather than pointing to errors on the part of counsel,
petitioner argues that "he misunderstood his rights and the
potential sentencing consequences of pleading guilty" and that
"the court did not inquire whether he understood his trial
rights."  Doc. #32 at 14-15.  These allegations do not support a
finding of trial counsel incompetence.

To corroborate his claim that trial counsel coerced him into
pleading guilty petitioner points to his own testimony during a
deposition taken pursuant to his PCR petition.  Resp. Ex. 113.
He stated that Abel "was supposed to argue for the most of eight
years," but failed to do so.  Id. at 9.  Petitioner also
testified that Abel told him "not to worry about it" because he
would "be out in six months on appeal."  Id. at 18.  Even
assuming, arguendo, that these statements are true, they do not
establish that trial counsel coerced petitioner into pleading
guilty and no-contest.

In summary, petitioner has not shown the PCR trial court
unreasonably applied the deficient performance prong of
Strickland.

12 - OPINION AND ORDER

Moreover, petitioner's post-hoc assertion that he would have demanded a jury trial if not for trial counsels' allegedly ineffective assistance, does not raise to the level of a "reasonable probability," required under the prejudice prong of Strickland. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome [of the proceedings]." Id. at 694. In light of petitioner's choice to stand firm on his guilty and no-contest pleas after appointment of new counsel, and the fact he faced potential indictments on similar charges had he not accepted the plea agreement, I am not persuaded that there is a reasonable probability petitioner would have gone to trial absent counsel's alleged deficiencies.

In summary, petitioner has failed to show the PCR court's application of Strickland to his case was objectively unreasonable.

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#31) is DENIED, and this proceeding is dismissed with prejudice. IT IS SO ORDERED.

DATED this 2__ day of March, 2007.


                                    /s/  Malcolm F. Marsh
                                    Malcolm F. Marsh
                                    United States District Court Judge



13 - OPINION AND ORDER